IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01902-PAB

RUTH DURAN,

    Plaintiff,

v.

ALLSTATE INDEMNITY COMPANY,

    Defendant.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on defendant Allstate Indemnity Company's Notice of Removal [Docket No. 1]. Defendant asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 1, ¶ 3.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260. The facts presently alleged are insufficient to establish plaintiff's citizenship.

The Notice of Removal alleges that, "[a]t all relevant times, Plaintiff was a citizen of the State of Colorado." Docket No. 1 at 2, ¶ 5. Defendant further states that plaintiff's residence at the same address between the date of the accident (December 1, 2018) and the date plaintiff filed the complaint (June 6, 2019) "demonstrates [her] intent to remain and is sufficient to establish Plaintiff is a Colorado resident for

purposes of diversity jurisdiction." *Id.* at 1-2, ¶¶ 2, 5; *see also* Docket No. 4 at 1, ¶ 4 (date of car accident). However, residency is not synonymous with domicile, *see Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). In her complaint, plaintiff does not allege that she is a citizen of Colorado. Instead, the complaint states that plaintiff "is an individual and resident of the State of Colorado." Docket No. 4 at 1, ¶ 1. This statement of residency, by itself, is insufficient to support defendant's claims of diversity jurisdiction.

Moreover, plaintiff's residency at the same Colorado address for a period of seven months is insufficient to establish her domicile, as it only demonstrates that she is a resident of Colorado. "A party's residence in a state alone does not establish domicile." *Reece v. AES Corp.*, 638 F. App'x 755, 769 (10th Cir. 2016) (unpublished) (quoting *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007)); *see also Trimarco v. Ergen*, No. 18-cv-00170-PAB, 2018 WL 2268015, at *2-*3 (D. Colo. May 17, 2018) (allegation that defendant had resided in Colorado "for the past several months" was insufficient to demonstrate a change in defendant's foreign domicile); *Ordonez v. Am. Auto. Ins. Co.*, No. 18-cv-02906-PAB, 2018 WL 6075251, at *2 (D. Colo. Nov. 21, 2018) (citing *Whitelock*, 460 F.3d at 514) (stating that a party's mailing address is not determinative of citizenship).

Because the allegations are presently insufficient to allow the Court to determine the citizenship of plaintiff or whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)), it is

**ORDERED** that, on or before **August 16, 2019**, defendant Allstate Indemnity Company shall show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

DATED August 9, 2019.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge